IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LOUIS KENNETH SCHEFFEL and            )
SANDRA KAY SCHEFFEL,                   )
                                       )
        Plaintiffs,                    )          CIVIL ACTION NO.
                                       )
v.                                     )
                                       )
TEAM TRANSPORTATION, INC., and,        )
BRIAN LEE McELVY,                      )
                                       )
        Defendants.                    )

## ORIGINAL COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY

Plaintiffs, Kenneth L. Scheffel and Sandra K. Scheffel file this original complaint against defendants Team Transportation, Inc. and Brian Lee McElvy.

### Parties

1.    Plaintiffs are individuals residing in Tucson, Arizona.

2.    Team Transportation, Inc. ("Team Transport") is a Texas corporation. Process may be made herein upon

its registered agent and president, J.E. Brunson, 639 West Broadway, Winnsboro, Texas 75494.

3.    Brian Lee McElvy ("McElvy") is an individual residing in Texas and may be served with process at 106 Donelton, Cumby, Texas 75433.

### Jurisdiction and Venue

4.    The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

1169355v.1 14580/02600

5.      Venue is proper in the District of New Mexico pursuant to 28 U.S.C.§1391(a).

## Facts

6.      On or about October 9, 2010, Plaintiffs were headed west on Interstate 40 near mile markers 315 and 316.  At the same approximate time and location, Defendant McElvy was traveling east on Interstate 40.

7.      Defendant McElvy negligently lost control of his vehicle, crossed the eastbound lanes and entered into the westbound lanes whereby he struck Plaintiffs' vehicle.

8.      Defendant McElvy was at all times in the course and scope of his employment with and operating his vehicle for the benefit and at the direction of Defendant Team Transportation, Inc.  In the alternative, Defendant McElvy was at all times the agent for and operating his vehicle for the benefit and at the direction of Defendant Team Transportation, Inc.

9.      Defendant McElvy was cited for careless driving which resulted in the accident.

10.     Following the accident, Plaintiffs were transported by emergency services for their injuries.  As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiffs have sustained injuries and damages, and therefore, files this suit.

1169355v.1 14580/02600

## Causes of Action

*Negligence*

11.    Plaintiffs adopt and incorporate paragraphs 6-10.

12.    The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligent conduct of Defendants, including but not limited to the following respects:

    (a)    In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances.
    (b)    In failing to timely apply brakes in order to avoid the collision in question.
    (c)    In failing to maneuver the vehicle in order to avoid the collision.
    (d)    In driving at an unsafe speed.
    (e)    In failing to control the vehicle.
    (f)    In crossing into the westbound lanes of traffic.
    (g)    In failing to yield the right-of-way.
    (h)    In failing to take proper evasive action.
    (i)    By driving while impaired.
    (j)    By failing to adequately supervise and/or train Defendant McElvy to determine his competency and ability to operate his vehicle.
    (k)    By failing to determine if its drivers, specifically Defendant McElvy, was impaired or able to operate the vehicle in a safe manner.
    (l)    By allowing its drivers, specifically Defendant McElvy, to drive without a physical examination.
    (l)    By allowing its drivers, specifically Defendant McElvy, to operate a vehicle while impaired.

13.    Each of, but not limited to, the acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and the Plaintiff's injuries and damages.

*Negligence Per Se*

14.    Plaintiffs adopt and incorporate paragraphs 6-10.

15.    Defendant McElvy was cited for careless driving resulting in the occurrence made the basis of this suit. Other acts and omissions of Defendant McElvy constituting negligence per se include, but are not limited to, driving while impaired, operating the vehicle at a speed in

excess of the posted limit and/or that which to avoid the collision, and driving over and across a divided highway.  Such violations of state law resulting in the accident which injured Plaintiffs constitute negligence per se.

*Negligence of Team Transport*

16.     Plaintiffs adopt and incorporate paragraphs 6-10.

17.     Defendant Team Transport was negligent, separate and independent from the negligence of Defendant McElvy.  Defendant Team Transport's negligence includes but is not limited to the following:

(a)     By failing to adequately supervise and/or train Defendant McElvy to determine his competency and ability to operate the vehicle.
(b)     By failing to determine if its drivers, specifically Defendant McElvy, was impaired or able to operate the vehicle in a safe manner.
(c)     By allowing its drivers, specifically Defendant McElvy, to drive without a physical examination.
(d)     By allowing its drivers, specifically Defendant McElvy, to operate a vehicle while impaired.

18.     Each of, but not limited to, these acts and omissions, singularly or in combination with others, constitute negligence which proximately caused the occurrence made the basis of this action and the Plaintiffs' injuries and damages.

*Gross Negligence*

19.     Plaintiffs adopt and incorporate paragraphs 6-10.

20.     The acts and omissions of Defendants constitute gross negligence for which Plaintiffs are entitled to recover exemplary damages.

**Jury Demand**

21.     Plaintiffs hereby request a trial by jury.

4

1169355v.1 14580/02600

## Prayer

22.   As a result of the negligent conduct of Defendants  Plaintiffs suffered bodily injuries, pain and suffering in the past and future, medical expenses in the past and future and mental anguish and physical impairment in the past and future, physical disfigurement, loss of consortium in the past and future, loss of enjoyment of life in the past and future, and any and all other damages to which they are justly entitled, all in excess of the minimum jurisdictional limits of the Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs request that Defendants be cited to appear and answer and that on final trial Plaintiffs have judgment for a sum in excess of the minimum jurisdictional limits of the Court, with prejudgment and postjudgment interest as allowed by law, costs of suit, and such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

GARBER & HALLMARK PC
P.O. Box 850
Santa Fe, NM 87504-0850
505.983.3233
505.983.6344

By:_____
      CULLEN HALLMARK

KEN SLAVIN
SHELLY W. RIVAS
KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)

5

1169355v.1 14580/02600

MARK A. WILSON
SMITH WILSON LAW FIRM, P.C.
P. O. Box 212
Canyon, Texas   79015
806.372.4120
806.374.1053 (FAX)

Attorneys for Plaintiffs

6